United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40315
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN CARLOS RAMIREZ-SANTANA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1545-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Juan Carlos Ramirez-Santana pleaded guilty of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). The district court sentenced him to 60 months of imprisonment.

     For the first time on appeal, Ramirez argues that the "felony" and "aggravated felony" provisions set forth in 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because they do not require

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Ramirez concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Ramirez also argues for the first time on appeal that if Almendarez-Torres is overruled, the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), renders unconstitutional the district court's calculation of his sentence under the United States Sentencing Guidelines based on facts relating to his prior convictions that were neither found by a jury beyond a reasonable doubt nor admitted by him. Ramirez concedes that in addition to the obstacle posed by Almendarez-Torres, his argument regarding the effect of Blakely is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), in which this court held that Blakely does not extend to the United States Sentencing Guidelines.

The judgment of the district court is AFFIRMED.